1843.

BEERS
v.
THE CHELSEA
BANK.

## BEERS v. THE CHELSEA BANK.

A receiver is not to be discharged on his own application, where his duties are not ended, unless he shows good cause, especially where it might affect parties. His mere desire, though coupled with a statement of complication of accounts and the necessity of losing much time in the business of his receivership, is not sufficient.

PETITION of Mr. John E. White to be discharged from his duties as receiver of the Chelsea Bank. It showed that, although all or nearly all the property of the Chelsea Bank which had come to the hands of the petitioner, as such receiver, had been sold and disposed of and the proceeds applied under the order of the court, yet, it would take much time and labor and require, probably, a long and protracted investigation, in consequence of the complicated nature of the accounts of the bank, to close its affairs and those of the receiver. That the petitioner, in consequence of the pressure of other business engagements and being wholly unable to ascertain from the books of the said bank a full knowledge of all its transactions, was unable to close the business of the said bank advantageously; and it was, therefore, desirable and for the benefit and interest of the estate and effects of the said the Chelsea Bank, that another receiver should be appointed in the place and stead of the petitioner.

*June* 16, 1843.

*Receiver. Practice.*

Mr. *White,* for the petitioner.

Mr. *Doyle,* for a creditor, opposed.

1843.

BEERS
*v.*
THE CHELSEA
BANK.

THE VICE-CHANCELLOR:—It is by no means a matter of course to change a receiver upon his own application. He must show some reasonable cause why he should be relieved from performance of duties which he has voluntarily agreed to perform; and then he will be entitled to costs of his application: 6 Mad. C. R. 266; Edwards on Receivers, 547; and, especially, should this be required where his discharge and the appointment of another in his place may inconvenience parties in interest and third persons. I consider that the receiver has not shown sufficient grounds to be discharged. The reasons assigned are only such as might excuse every man of business and person of capacity for such a trust from accepting it or, if taken, from going through with the duties of the appointment. Mr. White must, consequently, continue to act until the objects of his trust are accomplished.

The prayer of his petition is denied.